5000966.001
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
------------------------------------------------------------X

CROWLEY PUERTO RICO SERVICES, INC.,

        Plaintiff,

        -against-          CASE NO.

TROPICAL WORLDWIDE CORP.,

        Defendant.

------------------------------------------------------------X

## CIVIL COMPLAINT IN ADMIRALTY

Plaintiff, CROWLEY PUERTO RICO SERVICES, INC., by its undersigned attorneys as and for its Complaint against defendant TROPICAL WORLDWIDE CORP., in personam, in a cause of action civil and maritime, alleges upon information and belief:

### THE PARTIES

1. At all times hereinafter mentioned, plaintiff CROWLEY PUERTO RICO SERVICES, INC., a common carrier by water with full authority to bring this action, was and still is a corporation with offices and a place of business at 9487 Regency Square Blvd., Jacksonville, FL 32225.

2. Upon information and belief and at all times hereinafter mentioned, defendant TROPICAL WORLDWIDE CORP. was and still is a Puerto Rico corporation with offices and a place of business at Miami, Florida doing business, at times, under the names of Yellow Distributors and Yellow Distributors Corp.

### JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. Section 1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff is seeking to enforce rights under maritime contracts.

### VENUE

4. Venue in this case is proper. A substantial part of the events giving rise to the claim asserted by plaintiff occurred within the territorial limits of the United States District Court for the Southern District of Florida. Also, the parties have agreed to venue in the United States District Court for the Southern District of Florida in accordance with the Credit Agreement further described paragraph 10, below.

### FACTUAL ALLEGATIONS

5. At all material times hereinafter mentioned defendant's relationship to plaintiff was that of a shipper or consignee of cargo owned or controlled by defendant carried aboard plaintiff's vessels under bills of lading issued by plaintiff as carrier to defendant.

6. Plaintiff carried by water shipments (the "Shipments") of defendant's cargo between Puerto Rico and the mainland United States in accordance with the bills of lading and invoices summarized on Exhibit 1, attached.

7. The Shipments were transported.

8. Plaintiff has duly performed all duties and obligations required to be performed by plaintiff in relation to the Shipments.

9. Defendant has failed and refused and continues to fail and to refuse to remit payment of $27,801.00 in outstanding ocean freight and related charges due plaintiff in relation to the Shipments although duly demanded, and defendant is the responsible party to pay such charges. All credits due defendant have been applied by plaintiff.

10. On or about September 22, 2009, CROWLEY and defendant entered into a Credit Application and Agreement, a true and correct copy of which is attached as Exhibit 2. In

accordance with the terms of said credit agreement, defendant has agreed to pay CROWLEY liquidated damages in the amount of 25% of freight bills that are delinquent and require collection activity. As a result of CROWLEY having to maintain this suit for collection purposes, defendant is responsible to CROWLEY for liquidated damages in the amount of $6,950.25.

11. By reason of the foregoing, plaintiff has sustained damages in the total amount of $34,757.25 which, although duly demanded, have not been paid.

12. In accordance with the Terms and Conditions of the applicable contracts of carriage, defendant is liable to plaintiff for payment without discount or set-off of any kind of all freight, demurrage, and other charges including attorney's fees and costsincurred in collecting sums due plaintiff in relation to the Shipment.

13. Plaintiff has retained the undersigned law firm for purposes of collecting the outstanding charges due plaintiff and plaintiff is obligated to the undersigned law firm for attorney's fees and costs.

WHEREFORE, plaintiff prays:

1. For judgment against defendant in the amount of plaintiff's damages of $34,757.25, together with interest thereon from the respective dates due, costs, disbursements and attorneys fees, all as provided in the Terms and Conditions of the applicable contracts of carriage.

2. That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction may issue against the defendant citing defendant to appear and answer all the singular matters aforesaid.

3. That plaintiff have such other and further relief in the premises as in law and justice it may be entitled to receive.

Dated: Key Biscayne, Florida
August 5, 2013

HALLEY & HALLEY, P.A.

By: /S/ Thomas V. Halley
Thomas V. Halley
Florida Bar No. 0694363
Attorney for Plaintiff
200 Crandon Blvd., Suite 332
Key Biscayne, FL 33149
Tel. 305 365-1237
Fax. 305 361-3354
thalley@shiplaw.net